**WYBRANT SYSTEM PRODUCTS COR-
PORATION et al., Petitioners,**

v.

**FEDERAL TRADE COMMISSION,
Respondent.**

No. 268, Docket 25302.

United States Court of Appeals

Second Circuit.

Argued April 17, 1959.

Decided May 5, 1959.

Edward F. Howrey, of Howrey & Simon, Washington, D. C. (John Bodner, Jr., of Howrey & Simon, Washington, D. C., on the brief), for petitioners.

Francis C. Mayer, Atty., Federal Trade Commission, Washington, D. C. (Earl W. Kintner, Gen. Counsel, and James E. Corkey, Asst. Gen. Counsel, Federal Trade Commission, Washington, D. C., on the brief), for respondent.

Before CLARK, Chief Judge, and SWAN and MOORE, Circuit Judges.

PER CURIAM.

Petitioner's advertisements were placed in newspapers with interstate circulation; and though designed primarily to sell their hair and scalp treatments, the material clearly was "likely to induce * * * indirectly the purchase of" the preparations that they also sold in substantial quantities for home use.[1] This is sufficient to establish

---

1. Neither the Commission nor the Trial Examiner determined whether the use of preparations in connection with an office treatment constitutes a sale under § 12 of the Federal Trade Commission Act, 15 U.S.C. § 52. We construe the Commission's order—directed at advertisements by petitioners "in connection with the offering for sale, sale or distribution" of their preparations—to be similarly limited.

the Commission's jurisdiction under § 12(a)(1) of the Federal Trade Commission Act, 15 U.S.C. § 52(a) (1). Mueller v. United States, 5 Cir., 262 F.2d 443. The firm testimony of the Commission's several expert witnesses that petitioners' preparations and treatments cannot cure male pattern baldness provides ample basis for the Trial Examiner's conclusion that the advertisements were false. And since these witnesses freely conceded that some authorities had expressed somewhat contrary views, we do not think the Trial Examiner's refusal to receive in evidence the medical treatises that petitioners offered constituted reversible error. See Dolcin Corp. v. F. T. C., 94 U.S.App.D.C. 247, 219 F.2d 742, 747–749, certiorari denied 348 U.S. 981, 75 S.Ct. 571, 99 L.Ed. 763.

Affirmed.